## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EDWARD B. REED,

       Plaintiff,

v.                                 Civil Action No. 06-15593
                                   Honorable Denise Page Hood

WE THE PEOPLE, et al.,

       Defendants.

_____/

## ORDER OF DISMISSAL

These matters are before the Court on Defendant Tami Walsh's Motion to Dismiss Per FRCP 12(b)(6)& Sanctions Per Rule 11, or in the Alternative, Motion for More Definitive Statement, filed on December 21, 2006, Defendant Sheila Cockrel's Motion to Dismiss, filed on January 3, 2007, Defendant President George H. W. Bush's Motion to Dismiss, filed on January 5, 2007, Defendant Cheryl Constantino's Motion for Summary Judgment, filed on January 12, 2007, and Defendants U.S. Supreme Court Justices' Motion to Dismiss, filed on January 31, 2007.

Plaintiff's 30-page Complaint[1] attempts to allege causes of action against the following

---

[1] On January 8, 2007, Plaintiff filed a letter with this Court requesting the removal of the following defendants from this cause of action: William Jefferson Clinton, George W. Bush Sr., Tracy Silverman, Sherly Silberstein, A. Robert Zeff, Sheila M. Cockrel, Sharon McPhail, Marilyn Kelly, Geraldine Bledsoe Ford, Stephen G. Breyer, Ruth Bader Ginsburg, Anthony M. Kennedy, David H. Souter, Paul Stevens, Clarence Thomas, Sandra Day O'Connor and Antonin Scalia.
At the February 14, 2007 hearing on this matter, Plaintiff stated on the record that he agreed to the dismissal of the above-named Defendants with prejudice.

1

officers, judicial, and executive, of the United States, and Michigan Governments, and other individuals:   Desseree Smith, Myrtle Karkocinski, Jennifer L. Jones, Rossetta Newby, Barbara Harris, Kathleen Tiseo, Nancy Ireland, Frances Lynn, Tami Walsh, Angela Webber, Kristyn Imesch, Cheryl Constantine, William Jefferson Clinton, George W. Bush, Tracy Silverman, Sherly Silberstein, A. Robert Zeff, Sheila A. Cockrel, Sharon McPhail, Marilyn Kelly, Geraldine Bledsoe Ford, William H. Rehnquist, Stephen Breyer, Ruth Bader Ginsburg, Anthony M. Kennedy, David H. Souter, Paul Stevens, Sandra Day O'Connor, Clarence Thomas and Antonin Scalia.

Defendant Tami Walsh's[2],  Defendant Sheila Cockrel's, Defendant's Cheryl Constantino's,[3] Defendant President George H.W. Bush's[4] and Defendant U.S. Supreme Court Justices'[5] Motions to Dismiss are brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted.  This type of motion tests the legal sufficiency of the

---

[2]  Defendant Walsh also asserts that dismissal is proper pursuant to Rule 12(e) and requests Rule 11 Sanctions.

[3]  Defendant Constantino's entitles her Motion as a Motion for Summary Judgment, but asserts that Federal Rule 12(b)(6) applies.  As such, the Court construes her Motion as a Motion to Dismiss under Rule 12(b)(6).

[4]  Defendant George H. W. Bush also asserts that dismissal is proper because this Court lacks subject matter and personal jurisdiction over Defendant Bush, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2), respectively.  This Court agrees that it lacks subject matter jurisdiction over Plaintiff's Complaint, as will be set forth below.

[5]  Defendant U.S. Supreme Court Justices' also argue that this Court lacks subject matter jurisdiction over Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1).  Defendants' Motion to Dismiss also argues that Plaintiff's Complaint fails to satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a)(2) and that Plaintiff's Complaint is subject to dismissal based upon insufficient service of process as required under Federal Rule of Civil Procedure 4(i).

plaintiff's Complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A court takes the factual allegations in the Complaint as true when evaluating the propriety of dismissal under Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509,512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575, 577 (E.D. Mich. 1999). Further, the court construes the complaint in the light most favorable to the plaintiff, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001). The Court will not address Defendants' other arguments as the Court finds that it does not have subject matter jurisdiction over Plaintiff's Complaint and dismissal of his cause of action in its entirety is appropriate.

Since Plaintiff Reed paid the requisite filing fee, his Complaint is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(a). *Benson v. O'Brian*, 179 F. 3d 1014 (6th Cir. 1999). Generally, in cases in which a filing fee has been paid, the court may not *sua sponte* dismiss the complaint unless it gives the plaintiff notice and an opportunity to amend the complaint. *Tingler v. Marshall*, 716 F.2d 1109, 111-12 (6th Cir. 1983). However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

A review of Plaintiff's Complaint reveals that Plaintiff has failed to state a claim upon which relief may be granted against any of the above-named Defendants. Plaintiff alleges that Defendants did not protect Plaintiff's original contract with the Government, the original

contract being the United States Constitution.  Plaintiff does not present any facts in support of this assertion, which would entitle him to relief.  Plaintiff also alleges that Defendants failed to exercise their duty under the U.S. Constitution to keep separate the three branches of the U.S. Government.

Based upon the unsubstantial and meritless allegations contained in the Complaint, the Court finds no basis for subject matter jurisdiction.  As such, Plaintiff's Complaint is subject to *sua sponte* dismissal.

IT IS ORDERED that Defendant Tami Walsh's Motion to Dismiss Per FRCP 12(b)(6)& Sanctions Per Rule 11, or in the Alternative, Motion for More Definitive Statement **[Docket No. 25, filed on December 21, 2006]** is GRANTED.

IT IS ORDERED that Defendant Sheila Cockrel's Motion to Dismiss [**Docket No. 27, filed on January 3, 2007**] is GRANTED.

IT IS FURTHER ORDERED that Defendant President George H. W. Bush's Motion to Dismiss [**Docket No. 31, filed on January 5, 2007**] is GRANTED.

IT IS FURTHER ORDERED that Defendant Cheryl Constantino's Motion for Summary Judgment [**Docket No. 36, filed on January 12, 2007**] is GRANTED.

IT IS FURTHER ORDERED that Defendants U.S. Supreme Court Justices' Motion to Dismiss [**Docket No. 40, filed on January 31, 2007**] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint [**Docket No. 1, filed on December 14, 2006**] is DISMISSED WITH PREJUDICE[6] as to all remaining Defendants.

---

[6] Although Plaintiff did not agree to the dismissal of this cause of action with prejudice as to all remaining Defendants, the Court finds that this is appropriate as this Court lacks subject matter jurisdiction as Plaintiff failed to state a claim upon which relief can be granted.

_/s/ Denise Page Hood_
DENISE PAGE HOOD
United States District Judge

Dated: February 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

5